# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RAFEAL BRANCO,** ) | **CASE NO. 1:16 CV 2341** |
| ) | |
| **Plaintiff,** ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **TIMOTHY MILLIGAN,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

*Pro se* Plaintiff Rafeal Branco filed the above-captioned action under 42 U.S.C. § 1983 against Richland Correctional Institution ("RiCI") Deputy Warden of Special Services Timothy Milligan, RiCI Institutional Inspector Kelly Rose, RiCI Correctional Officer Daniel McNulty, RiCI Corrections Officer William Heuss, and Aramark Supervisor Gill Duryea. In the Complaint, Plaintiff alleges prison officials overlooked his housing unit when calling Muslim inmates down for a meal during Ramadan. He contends this violated his right to freely practice his religion under the First Amendment. He seeks monetary damages.

## Factual and Procedural Background

Plaintiff contends that he and approximately six other prisoners in his housing unit were not provided with a Ramadan feast at the end of the day on June 23, 2015. He indicates the meal was to be served at 9:30 p.m. When he had not been called for the meal by 9:45 p.m., he and the other Muslim prisoners in his housing unit approached Officers McNulty and Heuss and asked them to call the food service manager. The officers refused to do so and requested that the inmates move away

from the desk. At 9:50, the inmates again approached the desk and the officers again refused to call the food service supervisor. They also refused to call a "white shirt" corrections officer supervisor. Plaintiff approached a third shift officer and explained the situation. The third shift officer immediately notified the food service supervisor and correctional staff supervisors. At that point, Plaintiff and the other Muslim inmates in his unit were escorted to the chow hall. By that point, however, the food service supervisor, had discarded the remaining food. Plaintiff claims the inmates were served one apple and 2 pieces of crumbled cake. He asserts that the food service supervisor should have known that all of the housing units had not eaten.

Plaintiff filed grievances pertaining to this incident. He indicates that although his grievances were denied, he was assured that appropriate and necessary steps were in place to assure it did not happen again.

### Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

The First Amendment to the United States Constitution states "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." The First Amendment is applicable to the states by virtue of its incorporation by the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Inmates retain the First Amendment right to free exercise of religion. *Turner v. Safley*, 482 U.S. 78, 84 (1987). In addition, a prisoner has a clearly established right under the Free-Exercise Clause of the First Amendment to "a diet consistent with his ... religious scruples," including proper food during Ramadan. *Ford v. McGinnis*, 352 F.3d 582, 597 (2d Cir. 2003). To allege a violation of his rights under the First Amendment based on prison officials' failure to provide a proper diet during Ramadan, Plaintiff must allege facts suggesting that the officials' actions "substantially burdened his sincerely held religious beliefs." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010). An action will be classified as a substantial burden when that action forced an individual to choose between following the tenets of

his religion and forfeiting benefits, or when the action in question placed substantial pressure on the individual to modify his behavior and violate his beliefs. *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007) (quoting *Sherbert v. Verner*, 374 U.S. 398, 404 (1963)).

In this case, Plaintiff alleges he missed one meal during Ramadan because his housing unit was never called for the meal, the corrections officers refused to inquire about the delay, and the food service supervisor discarded the remaining food before ascertaining that all housing units had eaten. He and other inmates were provided with food, but it was not a nutritionally balanced or satisfying meal. This, however, appears to have been an isolated incident. Plaintiff does not allege facts suggesting the Defendants effectively forced him to choose between following his religion and forfeiting benefits or placed substantial pressure on him to modify his behavior. Isolated incidents do not place a substantial burden on an inmate's exercise of religion. *See e.g., Wofford v. Austin*, No. 1:16 CV 1145, 2016 WL 6275340, at *3 (W.D. Mich. Oct. 27, 2016)(a single instance of providing a non-kosher meal does not amount to a violation of either the First Amendment); *Trotter v. Ramsey*, No. 13 CV 1087, 2015 WL 4163345, at *7 (W.D. Tenn. July 9, 2015)(isolated incidents do not place a substantial burden on an inmate's exercise of religion); *Greenberg v. Hill*, No. CIV.A. 2:07-CV-1076, 2009 WL 890521, at *8 (S.D. Ohio Mar. 31, 2009)(denial of a full Seder meal on two occasions failed to establish a substantial burden because these deprivations were isolated occurrences).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2017

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.